## BEAN v. THE BOARD OF SUPERVISORS OF CARROLL COUNTY.

1. County Superintendent: COMPENSATION : BOARD OF SUPERVISORS. The sworn statement of the county superintendent, giving the time he has been occupied in the discharge of his official duties, and his expenses, is not conclusive upon the board of supervisors, and they may refuse to allow the claim if they deem it unreasonable or unjust.

*Appeal from Carroll Circuit Court.*

SATURDAY, APRIL 26.

THE plaintiff is county superintendent of Carroll county, and in his petition stated that he filed with the county auditor a sworn statement of the time he had been engaged in official duties; that said statement was presented to said board, and payment demanded, which was refused; that it was the duty of said board to direct the county auditor to issue a warrant on the county treasury for the amount shown by the sworn statement to be due. The relief asked was that a writ of *mandamus* issue commanding the performance of the duty aforesaid.

A demurrer was interposed to the petition on the stated grounds that plaintiff had a plain, speedy and adequate remedy in the ordinary course of law, and that it was within the discretion of the board to allow or disallow the claim. The demurrer was sustained, and plaintiff appeals.

*Beach & Hinman* and *E. M. Betzer*, for appellant.

*O. H. Manning*, for appellee.

SEEVERS, J.—The account presented to the defendant is as follows:

Bean v. The Board of Supervisors of Carroll County.

1. COUNTY su-
perintendent:
compensation:
board of super-
visors.

CARROLL COUNTY, IOWA,

*To* W. H. BEAN, *Dr.*

1878. September 2. To services as
county superintendent from July 22 to September
22, 1878—thirty-five days, at $3 per day,  -   $105 00
Blank certificates,   -    -    -    -    -      3 75
Postage,   -   -   -   -   -   -   -      3 45

$112 20

It is the duty of the board of supervisors "to examine,
settle and allow all just claims against the county, unless
otherwise provided by law. Code, § 303, subdivision 4.

This provision clearly imports that the board has a dis-
cretion as to the allowance of this and all other claims
against the county, unless it has been otherwise provided
by law.

Section 1776 of the Code is as follows: "The county
superintendent shall receive from the county three dollars per
day for every day necessarily engaged in the performance of
official duties, and also the necessary stationery and postage
for the use of his office, and he shall be entitled to such ad-
ditional compensation as the board of supervisors may allow,
provided that he shall first file a sworn statement of the time
he has been employed in his official duties with the county
auditor."

It is insisted the sworn statement is conclusive, and when
filed it becomes the duty of the board to direct the auditor to
issue the warrant. The conclusive answer to this is, the stat-
ute does not so provide. In the absence of an express provis-
ion to that effect we would be unwilling, by a construction
not absolutely required, to attach such a meaning to the
statute. The logical result of appellant's argument is that
the plaintiff is made the judge of the correctness of his own
claim or in his own case. Except from necessity this can
never be tolerated. Nor does it matter how unjust the claim

may be, it nevertheless must be paid, says the appellant. The demurrer was rightly sustained.

AFFIRMED.